## THE ALICE B. PHILLIPS.

### THE SIRIUS.

### FORD v. THE ALICE B. PHILLIPS.

(Circuit Court of Appeals, Third Circuit. June 2, 1897.)

1. COLLISION—LIGHTS—CREDIBILITY OF WITNESSES.
    That witnesses who testify that the lights of their own vessel were burning brightly say they especially looked at them on the approach of the other vessel casts no suspicion on their testimony, it being natural that they should do so under the circumstances.

2. SAME—STEAMER AND SAIL.
    A collision at night on the open sea, between a steamship and schooner, *held*, on the evidence and circumstances, not to have been due to any insufficiency or lack of lights on the schooner, as alleged in behalf of the steamer; and the steamer *held* in fault.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

These were cross libels in rem to recover damages resulting from a collision between the schooner Alice B. Phillips and the steamship Sirius. The collision occurred between 1 and 2 o'clock on the morning of September 9, 1894, on the open sea, about 12 miles southward of Fenwick Island Lightship, and resulted in serious injury to the schooner. The night was dark, but neither foggy nor thick. The courses of the vessels, as they approached, were slightly crossing, but nearly head on. In the answer filed in behalf of the steamer, the schooner, among other things, was charged with changing her course; but this charge was abandoned at the hearing, and the claimant relied on an allegation that the schooner's port light was not burning. The circuit court found that this allegation was not proved, and accordingly sustained the libel of the schooner, and dismissed that of the steamer. The claimant of the steamer appealed.

John F. Lewis, for appellant.
Curtis Tilton and Henry R. Edmunds, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and BUFFINGTON, District Judge.

DALLAS, Circuit Judge. The distinction urged upon our attention in the appellant's brief, between an inquiry as to whether the schooner's port light was burning at all and an inquiry as to whether it was so burning as to be properly visible, is one which does not appear to be material under the evidence. The testimony of those on board the schooner is harmonious, positive, and credible, and is distinctly to the effect, not only that the light in question was actually burning, but also that it was bright; and we cannot agree that, because it has been testified that some—perhaps all—of these witnesses especially looked at the light to observe its condition when the steamer was perceived to be approaching, we should regard their statements with suspicion. On the contrary, we think this was a perfectly natural thing for them to do under the circumstances, and that the fact that they did do it makes their testimony all the more certain and reliable. The officers and crew of the steamship tell, in the main, a different story. Unfortunately, this but accords with the common experience in such cases; but we think the weight of the evidence is decidedly with the appellee. There are several circumstances which plainly incline the scale to his side. The admission of Williams, the steamer's second officer, that he saw the schooner's light "about one and one half miles away," has not been successfully explained, and its effect cannot be evaded; and, perhaps, it may be due to some of the crew of the steamer who state that they looked, and did not see the light, to say that it seems to be more than possible that they were mistaken in supposing that they were in a situation to see it. The starboard light was unquestionably burning brightly, and, this being so, it is not at all likely that the corresponding light on the port side was either not in place or had been neglected. The port lantern itself has been produced. It was much damaged by the collision, but its condition when taken from the schooner indicated that it had been lighted. There was no oil upon it, and we think there probably would have been if, when the shock occurred, it had not been all consumed by fire communicated by a lighted wick. Standing alone, but little importance would be attached to this hypothesis; but, in connection with other matters which tend to support it, we have not thought it unworthy of notice.

The specifications which relate to the taxation of costs have not been argued, and the conclusion we have reached on the merits renders consideration of the motion to dismiss unnecessary. The decree is affirmed.